554 F.2d 133
 Ronald GRAHAM, Appellant,
v.
W. M. RIDDLE, Appellee.
Ronald GRAHAM, Appellant,
v.
Jack DAVIS, Director, Virginia State Penitentiary, et al.,
Appellees.
Ronald GRAHAM, Appellant,
v.
Rebecca PONDER, Administrator, Central State Hospital, et
al., Appellees.
Ronald GRAHAM, Appellant,
v.
Jack DAVIS and A. G. Robinson, Appellees.
Ronald GRAHAM, Appellant,
v.
Jack DAVIS, W. M. Riddle, and Sergeant D. T. Scites, Appellees.
Ronald GRAHAM, Appellant,
v.
Jack DAVIS, Director, et al., Appellees.
 Nos. 76-1584, 76-1587 to 76-1590 and 76-2216.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 7, 1976.
Decided April 21, 1977.
 
 Stuart W. Settle, Richmond, Va. (Coates & Comess, Richmond, Va., on brief), for appellant.
 Alan Katz, Asst. Atty. Gen., Richmond, Va. (Andrew P. Miller, Atty. Gen., Richmond, Va., on brief), for appellees.
 Before WINTER and RUSSELL, Circuit Judges, and FIELD, Senior Circuit Judge.
 WINTER, Circuit Judge:
 
 
 1
 Plaintiff, Ronald Graham, appeals from orders of the district court conditioning his right to file complaints in forma pauperis upon "good cause shown." We affirm.I.
 
 
 2
 Graham was and is an inmate of the Virginia state prison system. From December 1972 through April 1973, he filed six complaints with the district court, each pursuant to 42 U.S.C. § 1983. The complaints were repetitive; each dealt with a self-styled "food complaint"; and each was accompanied by a motion for leave to file in forma pauperis. The motions for leave to file in forma pauperis were routinely granted, although the complaints themselves were subsequently dismissed as frivolous. The sixth complaint was dismissed on April 12, 1973; and in dismissing it, the district court appended the following language to its order:
 
 
 3
 Additionally, concluding that Graham has abused court process by the filing of successive, frivolous complaints, it is ADJUDGED and ORDERED that leave to file in forma pauperis shall be denied forthwith except upon good cause shown. If Mr. Graham wishes to continue filing at his present prolific rate, he must pay $15 for each complaint so filed.
 
 
 4
 Graham v. Slayton, No. 195-73-R (E.D.Va. April 12, 1973).
 
 
 5
 Relying on this ruling, the district court denied leave to file in forma pauperis six subsequent complaints tendered by Graham.* Graham appeals from each denial. He does not argue the merits of the various complaints nor does he contest the finding that each was frivolous. Rather, he asserts that leave to file in forma pauperis cannot be conditioned upon the merits of the complaint tendered. In essence, he contends that the district court abused its discretion in issuing the order of April 12, 1973.
 
 II.
 
 6
 We see no infirmity in the procedure adopted by the district court. The imposition of costs and fees is a matter of sound discretion. The enabling statute reads:
 
 
 7
 (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
 
 
 8
 28 U.S.C. § 1915(a) (emphasis added).
 
 
 9
 Included within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous. Smart v. Heinze, 347 F.2d 114, 116-17 (9 Cir.), cert. denied, 382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153 (1965); Loum v. Underwood, 262 F.2d 866, 867 (6 Cir. 1959); Caviness v. Somers, 235 F.2d 455, 456 (4 Cir. 1956). This authority flows from the essential policy behind the in forma pauperis statute:
 
 
 10
 "(W)hile persons who are unable to pay costs or give security therefor should be allowed to prosecute or defend actions for the protection of their rights . . ., they should not be allowed under the cover of the statute to abuse the process of the court by prosecuting suits which are frivolous or malicious. As said by Judge Aldrich in O'Connell v. Mason, supra, 1 Cir., 132 F. 245, 247: 'It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings.' "Caviness v. Somers, 235 F.2d 455, 456 (4 Cir. 1956), quoting from Fletcher v. Young, 222 F.2d 222, 224 (4 Cir.), cert. denied, 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802 (1955).
 
 
 11
 In the instant case the district court did not abuse its discretion. It had experienced a plethora of frivolous, repetitive complaints. When it entered its order of April 12, 1973, it had every reason to expect the pattern to continue, as indeed it did. The district court was not required to go through the formalities of granting leave to file, docketing the case and then dismissing on the merits, as authorized by 28 U.S.C. § 1915(d). It could properly follow the procedure of pre-filing review implicit in the discretionary authority vested in it by 28 U.S.C. § 1915(a). West v. Procunier, 452 F.2d 645, 646 (9 Cir. 1971).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Of the six, five were complaints solely about food. The sixth, while concentrating on the quality of food served at the State Farm, also mentions deficiencies in clothing, recreation time and the regulation of correspondence, among others. The allegations with respect thereto are purely conclusory and thus we treat the sixth complaint as essentially a replica of its predecessors. If Graham in a new suit can allege a cause of action other than with respect to food, the order of the district court does not foreclose in forma pauperis filings