**Ronald GRAHAM**

v.

**Don HUTTO et al.**

**Civ. A. No. CA77–0462–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 22, 1977.

Ronald Graham pro se.

Guy W. Horsley, Jr., Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Ronald Graham, a prisoner at the Mecklenburg Correctional Center proceeding *pro se*, brought this civil rights action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and 42 U.S.C. § 1983 (1970). Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 (1970). Defendants have moved for summary judgment, with a supporting affidavit, and plaintiff has responded. For reasons given below, defendants' motion will be granted.

Plaintiff complains that defendants have interfered with his attempts to pass legal materials to other inmates. Defendant concedes that inmates at Mecklenburg are prohibited from assisting one another with litigation, and that the only legal materials which may be passed between inmates are legal affidavits. Defendants state however that inmates' access to the court is facilitated through other means—an "extensive law library" in each building and the availability of a court-appointed attorney pursuant to § 53–21.2, Va. Code (1950) to "counsel and assist indigent inmates regarding any legal matters relating to their incarceration." Motion for Defendants, at 2.

Plaintiff responds by stating that the law books in the library are difficult to understand, especially for illiterate inmates, and that they are written for "professional" lawyers. Inmates therefore must, according to plaintiff, be allowed to assist one another and pass their own legal materials to insure meaningful access to the courts. As for the court-appointed counsel, plaintiff asserts that he represents the interests of the prison officialdom and is not trusted by inmates.

To the extent plaintiff is contending that a ban against passing legal materials infringes the right of other, illiterate inmates to legal assistance, he fails to state a claim cognizable under Section 1983. One may not assert the constitutional rights of another. *McGowan v. Maryland*, 366 U.S. 420, 429–30, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

Plaintiff may attack the ban on passing legal materials only upon the ground that his right to meaningful access to the courts is thereby infringed. The Constitution requires the State to make available some form of personal legal assistance to "ignorant and illiterate" inmates, if not from persons with legal training, then at least from those literate fellow inmates eager to help. *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Additionally, for literate inmates who are capable of comprehending and using legal information, if made available to them, the Supreme Court held recently that the State must provide either a law library or legal assistance from persons trained in the law. *Bounds v. Smith, supra.* As to plaintiff, whose literacy is firmly established by his prolific litigation in this Court, *see Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977), defendants have gone beyond what the Constitution requires in making available both a law library and assistance from a court-appointed attorney. The rule prohibiting plaintiff from seeking or receiving help from fellow inmates does not interfere with his right of access to the courts, for even if the State is required to provide this literate and apparently "court-wise" plaintiff with some form of personal assistance in his legal matters, the provision for a court-appointed attorney fulfills that obligation. *See Peterson v. Davis*, 421 F.Supp. 1220 (E.D. Va. 1976). Plaintiff's bald assertion that the court-appointed attorney represents the interests of the prison system, unsupported by facts, is insufficient to raise genuine doubts as to the effectiveness of the legal counseling provided by the attorney.

An appropriate order shall issue.