900 F.2d 258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. WYATT, Jr., Plaintiff-Appellant,
v.
Michael BRATSCHI, Detective, Defendant-Appellee.
 No. 89-7220.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 25, 1990.
Decided: March 30, 1990.
Rehearing Denied April 23, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige Jr., Senior District Judge. (C/A No. 89-274-R)
 William H. Wyatt, Jr., appellant pro se.
 David C. Kohler, Michael Willis Smith, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED AS MODIFIED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Wyatt appeals the district court's decision dismissing with prejudice his 42 U.S.C. Sec. 1983 action for failure to appear at a court-ordered deposition. The order further barred future actions by Wyatt in district court until Wyatt paid court reporter and attorney fees of $539.50 in accordance with an earlier order of the court.
 
 
 2
 Wyatt contended that he did not receive several notices of deposition and court orders because they were sent to his mother's address, and she misplaced them. We find this argument to be without merit, as did the district court. The documents were sent to the address supplied by Wyatt. It was his responsibility to ensure that he received mail sent to that address. We therefore affirm the dismissal for failure to attend the deposition.
 
 
 3
 The district court acted within its discretion when it ordered Wyatt to reimburse defendants for no-show deposition costs of $539.50. See Papas v. Hanlon, 849 F.2d 702, 704 (1st Cir.1988); Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir.1981), cert. denied, 454 U.S. 1151 (1982); 28 U.S.C. Secs. 1915(e), 1920.
 
 
 4
 Wyatt is a prolific litigant who always has enjoyed pauper status pursuant to 28 U.S.C. Sec. 1915(a). In Graham v. Riddle, 554 F.2d 133 (4th Cir.1977), we approved the district court's conditioning of a frequent litigant's right to file future complaints in forma pauperis " 'upon good cause shown.' " Id. at 133-35.
 
 
 5
 We were mindful in Graham of the district court's need to fashion an appropriate means to stop a litigant's otherwise unfettered ability to file repetitive and frivolous lawsuits by taking advantage of Sec. 1915(a). A second and equally important consideration not present in Graham but posed by this case is the need of a district court, acting with discretion, to enforce its orders, such as the order that Wyatt pay deposition costs.
 
 
 6
 We affirm the district court's decision but, in accordance with Graham, modify the injunction against future filings in one respect. Requiring Wyatt to pay previously imposed deposition costs prior to instituting further actions is permissible provided that Wyatt is afforded an opportunity to demonstrate good cause for any new lawsuit. Good cause would not be shown if Wyatt attempts, in subsequent actions, to litigate issues previously decided. In such an event, requiring him to pay the deposition costs prior to filing the action would be acceptable. Cf. Hacopian v. United States Dep't of Labor, 709 F.2d 1295, 1296-97 (9th Cir.1983). Conversely, good cause might exist, and it could be appropriate, to permit Wyatt to proceed without paying costs or upon payment of only a portion of costs, if a subsequent lawsuit alleged a cognizable claim not previously litigated and if Wyatt could demonstrate an inability to pay the costs assessed in this action.
 
 
 7
 Our concern is that the injunction originally issued in this case might act as a de facto absolute bar to Wyatt's ever again exercising his right of access to the courts. Such a bar would be constitutionally abhorrent. See Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir.1986) (en banc). Our intention is that the injunction, as modified, will strike a fair balance between two competing needs: that of an indigent with a meritorious claim to have fair access to the courts, and that of a district court to enforce its orders and to protect itself from abusive practices of certain indigent litigants.
 
 
 8
 As our review of the record and other materials before us indicates that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED AS MODIFIED