905 F.2d 1531
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael SINDRAM, Plaintiff-Appellant,
v.
Howard E. WALLIN; Richard P. Gilbert; Robert F. Sweeney;
Thomas Lohm; Jeffrey L. Ward; James L. Ryan;
Cornelius J. Vaughey, Defendants-Appellees.
Michael SINDRAM, Plaintiff-Appellant,
v.
Howard E. WALLIN; Richard P. Gilbert; Robert F. Sweeney;
Thomas Lohm; Jeffrey L. Ward; James L. Ryan;
Cornelius J. Vaughey, Defendants-Appellees.
 Nos. 90-2652, 90-2662.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 7, 1990.
Decided May 18, 1990.
Rehearing and Rehearing In Banc Denied July 24, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., and Frederic N. Smalkin, District Judges. (C/A No. 90-800-S)
 Michael Sindram, appellant pro se.
 D.Md.
 DISMISSED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Sindram appeals from the orders of the district court denying his motion for an injunction and for a temporary restraining order, and dismissing his civil action brought pursuant to 42 U.S.C. Sec. 1983 as frivolous under 28 U.S.C. Sec. 1915(d). Our review of the record and the district court's orders discloses that these appeals are without merit.* Accordingly, we deny leave to appeal in forma pauperis and dismiss the appeals on the reasoning of the district court. Sindram v. Wallin, C/A No. 90-800-S (D.Md. Mar. 16, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 As part of the March 16, 1990, order dismissing the Sec. 1983 action as frivolous and in bad faith under 28 U.S.C. Sec. 1915(d) the district court entered an order establishing a pre-filing review procedure for future actions that Sindram might attempt to bring in the district court. Sindram was afforded an opportunity to contest the order and failed to do so. The procedure established by the district court directs the clerk of the district court not to file future actions brought by Sindram unless a judge or magistrate of the court certifies that the complaint or other paper is filed in good faith and not for any improper purpose, and that it has a colorable basis in law and fact. We can find no abuse of discretion in the district court's entry of the order. See, e.g., Graham v. Riddle, 554 F.2d 133 (4th Cir.1977); Procup v. Strickland, 792 F.2d 1069 (11th Cir.1986) (en banc). The order does not deny Sindram access to a federal forum for future nonfrivolous claims; it only attempts to limit already overtaxed judicial resources to consideration of meritorious claims