19 F.3d 1429
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Juan PARDO, Plaintiff-Appellant,
v.
FEDERAL CORRECTIONAL INSTITUTION--PETERSBURG; Carolyn
Rickards; William Stuby; Les Ruth; Cal Weaver,
Defendants-Appellees.
 No. 94-6035.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 24, 1994.
Decided: March 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk; Henry C. Morgan, Jr., District Judge. (CA-93-1043)
 Juan Pardo, appellant pro se.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, LUTTIG and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Juan Pardo appeals from the district court's dismissal without prejudice of his complaint and subsequent denial of his motion to amend the complaint. We find that the district court properly dismissed the complaint and the motion to amend. However, we also find that the district court lacked jurisdiction to order that Pardo may not proceed in forma pauperis if he refiles his claims. Consequently, we affirm the court's dismissal without prejudice of the complaint and the denial of the motion to amend, but modify the order denying the motion to amend by striking the portion of that order barring Pardo from proceeding in forma pauperis if he refiles his claims.
 
 
 2
 Pardo is an inmate at the Federal Correctional Institution in Petersburg, Virginia. He filed a Bivens* action alleging a breach of an unidentified contract by Defendants. On October 22, 1993, the district court dismissed the action without prejudice under 28 U.S.C. Sec. 1915(d) (1988) on the ground that Pardo failed to allege a deprivation of any federal or constitutional rights by a person acting under color of state law.
 
 
 3
 On November 24, 1993, Pardo filed a motion to amend his complaint. The motion claimed that Defendants' actions violated the Eighth Amendment prohibition against cruel and unusual punishment. Attached to the motion were two documents, one dated August 1993 approving Pardo's transfer to camp placement on August 29, 1993, and another dated September 1993 rejecting Pardo's transfer to camp placement.
 
 
 4
 That same day, the district court entered an order denying Pardo's motion to amend the complaint, noting that Pardo again failed to allege any cognizable grounds for recovery. The court also held that if Pardo refiled the action, he could not proceed in forma pauperis. Pardo timely appealed.
 
 
 5
 Pursuant to Sec. 1915(d), a district court may dismiss claims if the legal theories advanced are indisputably without merit or if the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 325 (1989). This Court reviews Sec. 1915(d) dismissals for abuse of discretion. Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (U.S.1992). In this case, the district court properly concluded that the legal theories advanced clearly were without merit.
 
 
 6
 Although the district court characterized this action as a 42 U.S.C. Sec. 1983 (1988) complaint, suits against federal officials may not be brought under Sec. 1983. District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973). Federal courts have power under 28 U.S.C. Sec. 1331 (1988) to award damages occasioned by infringements by federal officials of constitutionally protected interests. Bivens, 403 U.S. at 397. Liberally construing Pardo's complaint and motion to amend as a Bivens action, he alleges that Defendants violated his Eighth Amendment protection against cruel and unusual punishment by denying him a transfer to camp placement.
 
 
 7
 A federal prisoner has no constitutional right to be housed in the institution of his choice unless federal law or regulations create a liberty interest by imposing substantive limitations on prison officials' exercise of discretion in making prison transfers. See Olim v. Wakinekona, 461 U.S. 238, 245-49 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976). No such limiting law or regulation exists. Because Pardo has no protected interest in being housed in a particular facility, the district court did not exceed its discretion by dismissing his action and denying his motion to amend his complaint.
 
 
 8
 In its order denying Pardo's motion to amend, the district court stated that Pardo would not be able to proceed in forma pauperis if he chose to refile his claims. The district court is empowered only to rule on cases currently before it and therefore exceeded its authority by denying Pardo in forma pauperis status in subsequent actions. See North Carolina v. Rice, 404 U.S. 244, 246 (1971); Maritime Overseas Corp. v. NLRB, 955 F.2d 212, 223 (4th Cir.1992).
 
 
 9
 Even if the court's statement could be construed as a pre-filing injunction, it was not proper. Federal courts may issue pre-filing injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir.1986)(en banc); see Graham v. Riddle, 554 F.2d 133, 135 (4th Cir.1977) (district court has discretion to enjoin frequent litigant so long as access is not completely closed). However, the injunction must not effectively deny access to the courts. Procup, 792 F.2d at 1071. Moreover, before enjoining the filing of further actions, the district court must afford the litigant notice and an opportunity to be heard. See In re Oliver, 682 F.2d 443, 446 (3d Cir.1982). Here, Pardo was not given notice or a chance to object.
 
 
 10
 For these reasons, we affirm the district court's order dismissing Pardo's Bivens action without prejudice. We affirm the court's order denying his motion to amend, but modify it to strike the portion of that order barring Pardo from proceeding in forma pauperis if he refiles his action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED AS MODIFIED.
 
 
 
 *
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)