23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Manuel H. VENABLE, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, Defendant-Appellee.
 No. 94-6153.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 10, 1994.
Decided May 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-93-1526-AM)
 Manuel H. Venable, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Manuel Holbert Venable, a Virginia inmate, appeals from the district court's dismissal of his civil action under 42 U.S.C. Sec. 1983 (1988) due to his failure to pay a mandatory minimum filing fee. Because the filing fee required by the district court exceeded the amount authorized by local rule, we vacate the district court's decision and remand this case for imposition of an appropriate fee.
 
 I.
 
 2
 Venable is under a prefiling review order in the Eastern District of Virginia which provides that in forma pauperis status will be denied with regard to all of his future actions absent a showing of good cause and the payment of a minimum $15 filing fee. Venable v. Park of Corrections, Civ. No. 91-01729-AM (E.D. Va. Dec. 5, 1991) (unpublished). He filed the present civil action in October 1993 alleging that correctional officials are abusing him in various ways, and that the Federal Bureau of Investigation refuses to come to his aid. The district court determined that Venable demonstrated good cause for bringing this action, but nonetheless ordered payment of the $15 filing fee specified in the prefiling review order.
 
 
 3
 Venable responded by filing a sworn request for in forma pauperis status and an Inmate Account Report Form which indicated that for the six month period preceding this action, $17.50 was deposited into his account. His account had a beginning balance of $11.55. Without considering this information, the district court dismissed the action without prejudice for Venable's failure to pay the $15 specified in the prefiling review order. This timely appeal followed.
 
 II.
 
 4
 We have specifically approved the use of prefiling review orders which require a showing of good cause prior to granting in forma pauperis status, as a means of curtailing frivolous filings by those who have a history of abusing the judicial system. Graham v. Riddle, 554 F.2d 133 (4th Cir.1977). Imposing a mandatory minimum filing fee in addition to the good cause determination has never been approved by this Court, however, and appears to run afoul of our decision in Evans v. Croom, 650 F.2d 521, 525 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982). In Evans, we rejected an inflexible standard for assessing filing fees in favor of a progressive approach keyed to the amount of funds actually held by an inmate litigant during the period preceding filing. Id.
 
 
 5
 Imposing such a fee in this case also violates Local Rule 28(C)(4) of the Eastern District of Virginia, which provides for partial payments of "not in excess of 20% of the aggregate deposits in said prison account during said period of six months[preceding submission of the complaint], including the deposit on account at the commencement of said six-month period." By our calculations, application of Local Rule 28(C)(4) should have resulted in a filing fee of no more than $5.74-roughly one-third the amount dictated by the prefiling review order.
 
 
 6
 We therefore vacate the district court's decision and remand this case for imposition of a filing fee which reflects Venable's actual financial status and comports with Local Rule 28(C)(4). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED