30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert C. WILLIAMS, a/k/a Supreme King Justice Allah,
Plaintiff-Appellant,
v.
Rufus FLEMING, Warden of Nottoway Correctional Center; L.
E. Nelson, Hearing Officer of Nottoway
Correctional Center, Defendants-Appellees.
 No. 94-6313.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 21, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-94-282-2)
 Albert C. Williams, appellant Pro Se.
 E.D.Va.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Albert C. Williams appeals from the district court's dismissal without prejudice of his complaint filed pursuant to 42 U.S.C. Sec. 1983 (1988). We find that the district court properly dismissed the complaint. However, we also find that the district court lacked jurisdiction to order that Williams may not proceed in forma pauperis if he refiles his claims. Consequently, we affirm the district court's dismissal without prejudice of the complaint but modify the order by striking the portion that bars Williams from proceeding in forma pauperis if he refiles his claims.
 
 
 2
 Williams filed a complaint pursuant to Sec. 1983, alleging that the Defendants violated his due process rights because they gave him insufficient notice that his failure to be seated as directed by prison personnel violated a disciplinary rule. Williams claims that the Defendants charged him with a disciplinary violation without notice that his conduct was proscribed when he refused to be seated in the medical facility area after two guards ordered him to do so. Williams was required to stay temporarily in the medical facility because the "[i]nstitutional count had not cleared." The district court concluded that Williams' claims were legally frivolous and dismissed the action without prejudice. The court also held that if Williams refiled the action, he could not proceed in forma pauperis. Williams timely appealed.
 
 
 3
 A district court has broad discretion to dismiss a complaint without issuance of process when the record reveals that the action is "frivolous or malicious" within the meaning of Sec. 1915(d). See White v. White, 886 F.2d 721, 722 (4th Cir.1989). An action is frivolous or malicious if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Denton v. Hernandez, 60 U.S.L.W. 4346, 4347 (U.S.1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). On appeal, this Court reviews a Sec. 1915(d) dismissal for abuse of discretion. Denton, 60 U.S.L.W. at 4348. In this case, the district court properly concluded that the legal theories advanced clearly were without merit.
 
 
 4
 In its order dismissing without prejudice Williams' complaint, the district court stated that Williams would not be able to proceed in forma pauperis if he chose to refile his claims. The district court is empowered only to rule on cases currently before it and therefore exceeded its authority by denying Williams in forma pauperis status in subsequent actions. See North Carolina v. Rice, 404 U.S. 244, 246 (1971); Maritime Overseas Corp. v. NLRB, 955 F.2d 212, 223 (4th Cir.1992).
 
 
 5
 Even if the court's statement could be construed as a prefiling injunction, it was not proper. Federal courts may issue prefiling injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir.1986) (in banc); see Graham v. Riddle, 554 F.2d 133, 135 (4th Cir.1977) (holding that district court has discretion to enjoin frequent litigant so long as access is not foreclosed completely). However, the injunction must not effectively deny access to the courts. Procup, 792 F.2d at 1071. Moreover, before enjoining the filing of further actions, the district court must afford the litigant notice and an opportunity to be heard. See In re Oliver, 682 F.2d 443, 446 (3d Cir.1982). Here, Williams was not given notice or a chance to object.
 
 
 6
 For these reasons, we affirm the district court's order dismissing without prejudice Williams' complaint but modify it to strike the portion of the order barring Williams from proceeding in forma pauperis if he refiles his action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED AS MODIFIED.