35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jibril Luqman IBRAHIM, Plaintiff-Appellant,
v.
ROBERT CEFAIL & ASSOCIATES, Defendant-Appellee.
 No. 94-6454.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 2, 1994.
Decided Sept. 9, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-94-320-2).
 Jibril Luqman Ibrahim, appellant Pro Se.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jibril Luqman Ibrahim appeals from the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 (1988) complaint. A review of the record reveals that the district court did not abuse its discretion in dismissing Ibrahim's complaint. However, we also find that the district court lacked jurisdiction to order that Ibrahim may not proceed in forma pauperis if he refiles his claims. Accordingly, we affirm the court's dismissal without prejudice of the complaint, but modify the order by striking that portion barring Ibrahim from proceeding in forma pauperis if he refiles his claims.
 
 
 2
 In its order dismissing Ibrahim's Sec. 1983 complaint, the district court stated that Ibrahim would not be able to proceed in forma pauperis if he chooses to refile his complaint. The district court is empowered only to rule on cases currently before it and therefore exceeded its authority by denying Ibrahim in forma pauperis status in subsequent actions. See North Carolina v. Rice, 404 U.S. 244, 246 (1971); Maritime Overseas Corp. v. NLRB, 955 F.2d 212, 223 (4th Cir.1992).
 
 
 3
 Even if the court's statement could be construed as a pre-filing injunction, it was not proper. Federal courts may issue pre-filing injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir.1986) (en banc); see Graham v. Riddle, 554 F.2d 133, 135 (4th Cir.1977) (district court has discretion to enjoin frequent litigant so long as access is not completely closed). However, the injunction must not effectively deny access to the courts. Procup, 792 F.2d at 1071. Moreover, before enjoining the filing of further actions, the district court must afford the litigant notice and an opportunity to be heard. See In re Oliver, 682 F.2d 443, 446 (3d Cir.1982). Here, Ibrahim was not given notice or a chance to object.
 
 
 4
 For these reasons, we affirm the district court's order dismissing Ibrahim's Sec. 1983 complaint without prejudice, but modify it to strike that portion barring Ibrahim from proceeding in forma pauperis if he refiles his action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED AS MODIFIED.