**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TIMOTHY CARNESS AUTRY,
Plaintiff-Appellant,

v.

No. 96-6701

PHYLLIS B. WOODS; RICHARD HEATH;
CHARLES G. RAYNOR, SR.,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-94-40-5-CT-F)

Submitted: June 20, 1996

Decided: July 8, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy Carness Autry, Appellant Pro Se. Jane Ray Garvey, OFFICE
OF THE ATTORNEY GENERAL OF NORTH CAROLINA,
Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Autry, a North Carolina inmate, appeals the order of the district court granting the State's motion to impose a prefiling injunction in future cases. Finding no reversible error, we affirm.

The imposition of a prefiling injunction was proper on the facts presented. It is clear that federal courts have the power and constitutional obligation to issue such injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty.[1] Of course, a court imposing such an injunction must be careful not to order conditions that effectively deny access to the courts. [2] We are limited to deciding whether the district court abused its discretion,[3] and we hold that the injunction was proper. It is clear that Autry's access to the courts is not denied as he can file lawsuits with the leave of court and an accompanying affidavit. This is a permissible condition on his right to access.[4] Furthermore, several factors suggest that the injunction was warranted: Autry has a lengthy history of frivolous lawsuits, often involving the same issues; Autry acted in bad faith by harassing and abusing the Defendants under the guise of litigation; and Autry has caused needless expense and burdens on Defendants, the district court, and this court.[5] Therefore, it is clear that the district court did not abuse its discretion in enjoining Autry.

_____

[1] **See Procup v. Strickland**, 792 F.2d 1069, 1073 (11th Cir. 1986) (in banc); Graham v. Riddle, 554 F.2d 133 (4th Cir. 1977).

[2] **Procup**, 792 F.2d at 1071; see also In re Green, 669 F.2d 779, 786 (D.C. Cir. 1981) (per curiam).

[3] **Procup**, 792 F.2d at 1074; Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1524 (9th Cir. 1983), cert. denied, 465 U.S. 1081 (1984).

[4] **Procup**, 792 F.2d at 1072-73.

[5] **See Safir v. United States Lines, Inc.**, 792 F.2d 19, 24 (2d Cir. 1986), cert. denied, 479 U.S. 1099 (1987).

Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3