GREGORY, Chief Judge,
concurring in part and dissenting in part:
I agree that the district court failed to properly apply the specific terms of the prefiling injunction order and that the case should not be reassigned on remand, and I *175 therefore readily join Section II.B and Part III of the majority opinion. But because I believe our precedents dictate that we may review the merits of that order, I respectfully dissent from Section II.A. The majority correctly notes that Germain failed to appeal the prefiling order when it was first issued in the earlier Shearin action. That fact alone does not resolve the jurisdictional inquiry, however. The question before us is whether we can review the merits of a prefiling order issued in an earlier case when it is enforced in a subsequent case. I believe the answer to this question is more appropriately governed by Graham v. Riddle, 554 F.2d 133 (4th Cir. 1977), not, as the majority suggests, In re Burnley, 988 F.2d 1 (4th Cir. 1992).
In Graham, this Court did precisely what the majority says we cannot do: we reviewed the merits of an underlying pre-filing order issued in a prior case when it was enforced in a later case. There, the district court imposed a prefiling review order that conditioned a vexatious inmate’s right to file complaints in forma pauperis upon “good cause shown.” 554 F.2d at 133. It issued that order on April 12, 1973. Id at 134. Pursuant to the prefiling order, the district court dismissed “six [of Graham’s] subsequent complaints.” Id Graham appealed all six of those cases, arguing that the “district court abused its discretion in issuing the [underlying prefiling] order of April 12, 1973.” Id. On appeal, this Court did not hold that it lacked jurisdiction to consider the order. Rather, we reviewed (and upheld) the district court’s decision to enter the April 12 prefiling order. Id. at 135.
The Graham Court thus analyzed whether the district court abused its discretion in issuing the prefiling order, even though the order was issued in an earlier case. That is what Germain requests here. The district court entered the prefiling injunction order at issue in the Shearin action. The court used that order to administratively close Germain’s subsequent case, the instant case. Following Graham, we can and should evaluate the merits of the underlying prefiling order. See also Graham v. Samberg, 838 F.2d 466, 1988 WL 6841, at *1 (4th Cir. 1988) (unpublished table opinion) (reviewing prefiling order issued in earlier case when enforced in later case and upholding the “earlier order” (emphasis added)); cf. Robinson v. Marion, Case Nos. 88-7752, 89-7525, 1989 WL 79740, at *2 (4th Cir. July 11, 1989) (‘We treat this appeal as attacking the actual enforcement of the prefiling injunction. As noted above, we approve the imposition of the injunction.” (emphasis added)).
The majority opinion does not discuss Graham, instead citing Burnley as support for its view that if a prefiling order is not appealed in the case in which it is issued, it cannot be attacked when enforced in a subsequent case. But on my reading, Burnley simply does not stand for that proposition—especially because Burnley did not attack a prefiling order in a subsequent case.
As the majority outlines, Burnley did not timely appeal a prefiling injunction order that limited him to one case at a time. More than a year after the district court imposed the prefiling review system, Burnley filed, in the same case, a post-judgment motion seeking a modification of that order. Critically, the district court construed the request as a Rule 60(b) motion for reconsideration. The district court denied that request, and Burnley appealed only the denial of the 60(b) motion. We noted that in “ruling on an appeal from a denial of a Rule 60(b) motion this court may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b).” Burnley, 988 F.2d at *176 3. Accordingly, our review was limited to whether the district court had properly denied Burnley’s request for reconsideration; our review did not encompass whether the court erred in issuing the prefiling injunction.
The Burnley Court thus reiterated a general, longstanding, and unremarkable proposition: when we review the denial of a 60(b) motion, we do not review the merits of the underlying order. Browder v. Dir., Dep’t of Corr., 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (“[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.”). That rule has no application here. And nowhere does Burnley create a rule specific to prefiling injunctions. Indeed, it is silent on situations where, as here, a litigant challenges a prefiling order that is enforced in a subsequent case. In the dozens of Fourth Circuit cases that cite Burnley, I have not located any that understand Burnley as speaking to that question.
I recognize that the introductory paragraph of Burnley, which the majority quotes, contains the following broad language: “Because Burnley failed to perfect a timely appeal from the initial order imposing the pre-filing review system on him, this Court lacks jurisdiction to consider his attack on that order.” 988 F.2d at 2. The reasoning on the jurisdictional issue, however, is contained in Part II of the Burnley opinion. That section makes clear that because Burnley failed to appeal the initial order, he could not attack that order pursuant to the general rule concerning Rule 60(b) denials. Critically, the opinion never says, or even suggests, that because Burnley failed to timely appeal the initial order, he could not challenge it when it provided the basis for closing a later case.
When faced with these precedents, the instant case aligns with Graham, not Burnley. To be clear, though, I see no inconsistency between the two decisions. Burnley holds that if an inmate appeals only a denial of a motion for reconsideration, we •cannot review an underlying prefiling order; Graham allows an inmate to attack a prefiling order in a subsequent case when the order provides the basis for dismissing that case. In fact, Burnley, in dicta, relied on Graham’s substantive holding without casting any doubt on the Graham Court’s ability to review the prefiling order. Id. at 3 (“In Graham v. Riddle, this Court expressly upheld a pre-filing review system that denied in forma pauperis status to a frequent filer of frivolous complaints.... ” (internal citation omitted)).
Although the majority’s holding is primarily grounded in Burnley, the majority also notes that parties must generally appeal an order within thirty days after entry of judgment and cites the Supreme Court’s statement that “the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.” Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). But once again, these broad principles do not squarely resolve the specific question here. There is no dispute that Germain filed, within thirty days, an appeal from the district court’s order to administratively close the instant case. We thus possess jurisdiction over this appeal. The relevant question, as Ger-main’s counsel framed it at oral argument, is not so much jurisdictional as it is about the scope of our review. In other words, considering that Germain timely appealed the administrative closure of this case, the issue is whether our review may encompass the original prefiling order. The available, published on-point authority—Graham—suggests that it does.
I believe that we should review the underlying order here not only because it is consistent with our caselaw but also be *177 cause prefiling injunction orders operate in unique ways that inflict serious harm on litigants. Prefiling orders are no ordinary orders. They are “drastic remedies]” that limit an individual’s access to courts and thus must be “used sparingly ... consistent with constitutional guarantees of due process of law and access to the courts.” Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Even more, depending on their scope, prefiling orders can lead to the automatic dismissal or closure of subsequent cases, regardless of the merits or nature of the later cases. Here, for instance, the prefiling order issued in the Shearin action provided the sole basis for the district court’s decision to administratively close the instant case. See Administrative Closure Order, May 29, 2015, Dist. Ct. ECF No. 4 at 1 (“Plaintiff is the subject of an order requiring administrative closure of newly filed complaints in the event plaintiff already has an open, active case. See Germain v. Shearin, Civil Action JFM-13-2267 (D. Md.).”); see also id. at 4 (incorporating language from pre-filing injunction order and closing case).[1] Given that the prefiling order was the entire reason for the administrative closure order, our review of the administrative closure order should not be reduced to mechanically checking whether the district court complied with the terms of the prefil-ing order it issued, however erroneous the terms might be.[2] Rather, for our review to be meaningful, we should evaluate whether the court abused its discretion in issuing the order in the first place.
Because an earlier prefiling order can provide the whole basis for the closure of a subsequent action—and thus the harm of the order is not felt until that later case— it is logical to review an underlying order when it is enforced, as other courts have allowed. See, e.g., Strong v. State of Alaska, 217 F.3d 846, 2000 WL 554281, at *1 (9th Cir. 2000) (unpublished table opinion) (“A litigant who is the subject of a pre-filing order can challenge it on direct appeal or when it is enforced and the filing of papers is prevented.”) (per curiam) (emphasis added) (internal citations omitted); see also West v. Procunier, 452 F.2d 645, 646 (9th Cir. 1971) (reviewing earlier pre-filing injunction order when enforced, and noting that “[hjaving concluded that the March 31 [prefiling] order is valid, it follows that the May 10 [dismissal of subsequent case] order is a proper exercise of the district court’s authority to effectuate compliance with its earlier order”). I would thus follow these courts and hold that litigants may attack a prefiling order either on direct appeal in the original case or when it is enforced in later cases.[3]
Accordingly, I would review whether the district court here abused its discretion in issuing the underlying prefiling order. Under the well-established factors outlined in Cromer, there is little question that it did. *178 As the majority highlights, the district court made no specific findings that Ger-main’s filings were “frivolous, vexatious, malicious, harassing, duplicative, or otherwise abusive of the judicial process” before imposing the order. Maj. Op. 170. A review of the record in fact reveals that Germain had achieved success in his past cases and, at the time of the administrative closure, had only filed one substantive motion in the instant case. There was no finding that Germain pursued this action in bad faith. The district court did not consider less drastic alternatives. And the court issued the prefiling injunction sua sponte without providing Germain with notice or an opportunity to be heard. Because the district court did not address the relevant considerations, I would find that it abused its discretion in issuing the prefiling injunction and would accordingly vacate that order.
Lastly, I am not convinced that Germain may seek relief from the prefiling injunction by filing a motion for reconsideration under Rule 60(b) in the district court, as the majority suggests, see Maj. Op. at 172.[4] Rule 60(b)(5) provides in part that a party may obtain relief from a judgment or an order if “applying [the judgment or order] prospectively is no longer equitable,” and Rule 60(b)(6), a catchall provision that ¿Hows relief for “any other reason that justifies relief.” It is not apparent, however, how litigants can use these provisions to modify or dissolve wrongly entered prefiling orders. Despite the broad language of Rule 60(b)(5) and (b)(6), both provisions have been construed narrowly.[5] See Horne v. Flores, 557 U.S. 433, 447, 129 S.Ct. 2579, 174 L.Ed.2d 406 (2009) (“Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests....”); Aikens v. Ingram, 652 F.3d 496, 502 (4th Cir. 2011) (en banc) (holding that relief is unavailable under Rule 60(b)(6) where petitioner failed to appeal original judgment). Given the narrow application of Rule 60(b), there is a very real risk that erroneous prefiling injunction orders that restrict the right of access to the court—a “right conservative of all rights,” Cromer, 390 F.3d at 817— will operate in perpetuity against litigants like Germain.
In sum, because I believe that we have the authority to do so, I would review the district court’s prefiling injunction order, find that the court abused its discretion, and vacate that order.

.In addition to citing Graham, Germain's counsel contended at oral argument that we may review a previously issued injunction order when the district court incorporates it into in a later order or when the district court modifies the prior order. I would note that we did not have the benefit of briefing on these jurisdictional theories. Because we rejected the Appellees’ response brief (which contained the Appellees’ jurisdictional arguments) as untimely, the Clerk instructed that Germain should not file a reply brief. ECF No. 55.

. I imagine the instant case is an outlier in that the district court failed to correctly apply the terms of the prefiling injunction order.

. I would add that after this Court issues one decision on the merits of a given prefiling order, we could easily apply collateral estop-pel principles to any further challenges to that order.

. Initially, I note that whether German can seek relief from the prefiling order under Rule 60(b) is not mutually exclusive with our review of the merits of that order.

. Likewise, this Court has ' narrowly construe[d] the concept of ‘void’ order under Rule 60(b)(4)....” Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005); see id. (noting that Rule 60(b)(4) may not be used where litigant failed to appeal original order).