17 F.3d 1434
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Sergeant SEIBER; Custodian Fox; Sergeant Austin;
McWilliams, Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Melanie STRICKLAND; Lynn Phillips; F.D. Hubbard,
Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Fred SCOTT; Mr. Emory; Sergeant Boone; Custodian Primas,
Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Doctor ANDERSON; Patricia Hargrave, Nurse, Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Custodian HART, Defendant-Appellee.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Ricky ROBINSON, Defendant-Appellee.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Custodian PRIMUS; Sargeant Mills; Lynn Phillips; Ricky
Robinson, Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Custodian INGRAM; Sargeant Jackson, Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Randy Cribb; Lieutenant Brit; Mark Barnhill; Custodian
Allgood; Kathy Mercer; Superintendent Barker,
Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Hayes NEATHERY; Penny White; Randall Lee; Lynn Phillips;
Rickie Robinson, Defendants-Appellees.
 Nos. 93-7239, 93-7240, 93-7241, 93-7242, 93-7243, 93-7244,
93-7245, 93-7246, 93-7248.
 United States Court of Appeals, Fourth Circuit.
 March 2, 1994.
Submitted Jan. 10, 1994.
Decided March 2, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge; Terrence W. Boyle, W. Earl Britt, and Malcolm J. Howard, District Judges.
 Cornelius Tucker, Jr., appellant pro se.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Cornelius Tucker appeals from the district court's order denying his motion to vacate his voluntary dismissals of eighteen cases and imposing a pre-filing injunction upon him. We affirm the district court's denial of Tucker's motion to vacate the voluntary dismissals. We vacate and remand the order imposing the pre-filing injunction to permit Tucker the opportunity to be heard on the injunction.
 
 
 2
 * Tucker entered into a settlement agreement with the North Carolina Attorney General's office to voluntarily dismiss eighteen actions pending in federal court in exchange for a transfer to a different prison and a change in his custody status. Tucker signed the agreement and the voluntary dismissals. After the cases were dismissed, Tucker moved to vacate the voluntary dismissals, asserting that he was under medication when he signed them. After obtaining additional evidence from both sides, the district court upheld the dismissals and denied Tucker's motion to vacate. Tucker moved to vacate this order, and this motion was denied. The district court also entered a pre-filing injunction against Tucker. Tucker moved to vacate this order, and appealed the denial of his motion.
 
 II
 
 3
 We review a denial of a motion to vacate for abuse of discretion. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3578 (U.S.1992). Based on the evidence, we find that the district court did not abuse its discretion in denying Tucker's motion to vacate the voluntary dismissals. Tucker signed all the documents in question. Additionally, his advisor from the North Carolina Prisoner Legal Services submitted an affidavit stating that Tucker understood the terms of the agreement and did not appear under the influence of drugs at the time he signed the documents. Hence, we affirm the district court's denial of the motion to vacate as to the voluntary dismissals.
 
 III
 
 4
 We also review the imposition of a pre-filing injunction for abuse of discretion. Procup v. Strickland, 192 F.2d 1069, 1074 (11th Cir.1986) (en banc). A federal court has the power to issue prefiling injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty. Procup, 792 F.2d at 1073; see Graham v. Riddle, 554 F.2d 133, 135 (4th Cir.1977) (district court has discretion to enjoin frequent litigant so long as access is not completely closed). However, the injunction must not effectively deny access to the courts. Procup, 792 F.2d at 1071. The factors to be considered in evaluating an injunction are: (1) the litigant's history of vexatious litigation; (2) whether the litigant has an objective good faith belief in the merit of the action; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense or unnecessary burdens on the opposing party and/or the court; and (5) the adequacy of other sanctions. Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986), cert. denied, 479 U.S. 1099 (1987). In its order denying Tucker's motion to vacate, the district court enjoined Tucker from filing any further non-habeas actions without leave from the court to do so. The injunction laid out the requirements Tucker must follow to obtain leave from the court, and warned him of the consequences should he fail to follow these procedures.[1]
 
 
 5
 Requiring Tucker to obtain leave from the court before filing an action is a permissible restriction on Tucker's access to the courts. Procup, 792 F.2d at 1072-73. Tucker has filed thirty-four actions in district court in the past year, and has violated the terms of the settlement agreement by filing more litigation after being transferred. Many of Tucker's actions are frivolous and the sheer number of his complaints and appeals have caused needless expense and burdens on the defendants and the courts. However, prior to enjoining the filing of further actions, the district court must afford the litigant notice and the opportunity to be heard. See In re Oliver, 682 F.2d 443, 446 (3d Cir.1982). In the present action, Tucker was not given notice and the chance to object; hence, we vacate the injunction and remand the action so Tucker may object and be heard.
 
 IV
 
 6
 Therefore, we affirm the district court's denial of Tucker's motion to vacate his voluntary dismissals. We vacate the pre-filing injunction and remand to permit Tucker the opportunity to be heard on the injunction. We deny Tucker's motion in No. 93-7239 to vacate the district court's order refusing to vacate the voluntary dismissals.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 Specifically, the district court ordered Tucker to: (1) attach a motion for leave to file a civil action to the complaint; (2) support the motion with an affidavit containing (a) the name of all defendants; (b) the primary facts of the claim; (c) the legal basis of the claim; (d) whether the claim has been previously litigated administratively or in court to any degree; (e) whether he has previously sued the named defendant(s) civilly; and (f) if he has sued the named defendant(s), he must name the case, caption, court, date and outcome of the case; and (3) attach a copy of the injunction to the motion and affidavit
 
 
 [2]
 We also deny Tucker's motion to remand all pending cases