David L. WHITEHEAD

v.

VIACOM, et al.

No. CIV.A. DKC 2002–1899.

United States District Court,
D. Maryland.

Nov. 15, 2002.

David L. Whitehead, Oxon Hill, MD, pro se.

Paul R. Taskier, Dickstein Shapiro Morin and Oshinsky, LLP, Washington, DC, for defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution are several motions filed by Plaintiff David L. Whitehead and by Defendant

Viacom, Inc. ("Viacom"). Among Plaintiff's pending motions is a motion for recusal by the court from this case. Among Defendant's pending motions are a motion to strike Plaintiff's first amended complaint (which is actually the second amended complaint), a motion to dismiss the amended complaint, and a motion for an injunction requiring that Plaintiff obtain court approval before filing future papers with the court. The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For reasons that follow, the court will deny Plaintiff's motion for recusal, grant Defendant's motion to strike the second amended complaint, grant Defendant's motion to dismiss, and grant Defendant's motion for an injunction. All other motions will be denied as moot.

## I. Background

Plaintiff filed this suit *pro se* in the Circuit Court for Prince George's County, Maryland on April 19, 2001, alleging copyright infringement, fraud, conspiracy, and other various claims against Defendant Viacom and "Unnamed Does 1–50 or more." [1] This is not the first time Plaintiff has filed suit against a media defendant alleging infringement of various works and other vague claims. Indeed, Plaintiff has filed at least nine lawsuits in this court and 23 lawsuits in the United States District Court for the District of Columbia against film companies, publishing companies, actors, producers, writers, and directors, as well as former President Bill Clinton, the CIA, and others. Every one of Plaintiff's suits has been dismissed or resolved in the defendants' favor.[2] The court in the District of Columbia became so frustrated with Plaintiff's "opaque, nonsensical and frivolous" lawsuits and "egregious abuses of the judicial system" that, on February 23, 2001, it enjoined Plaintiff from filing anything with the court without prior court approval. *See Whitehead v. Paramount Pictures Corp.*, 145 F.Supp.2d at 5. Shortly after the injunction was imposed by that court, Plaintiff filed the instant suit in the Circuit Court for Prince George's County, Maryland alleging infringement of his copyrighted book *Brains, Sex & Racism in the CIA and the Escape,* among other things. On June 4, 2002, Defendant Viacom removed the suit to this court pursuant to 28 U.S.C. § 1441, citing both federal question and diversity jurisdiction.

In the amended complaint, Plaintiff alleges a pattern, practice and scheme by Defendant to "misappropriate, plagiarize and disseminate" Plaintiff's works.[3] Plaintiff also appears to allege a conspiracy against him by various judges. On June 14, 2002, Plaintiff filed a motion for recusal of the sitting judge. On June 19, 2002, Defendant Viacom filed a motion to dis-

---

**1.** Plaintiff originally filed this case in the Circuit Court for Prince George's County in April 2001, naming a non-existent entity, "Viacom/UPN," as the defendant. It appears that Plaintiff then amended his complaint on August 14, 2001, properly naming Viacom as a Defendant. Because of confusion regarding the name of the Defendant, Viacom apparently did not receive a copy of the amended complaint until May 30, 2002. *See* Paper no. 1, ¶ 5.

**2.** *See Whitehead v. Paramount Pictures Corp., et al.,* 145 F.Supp.2d 3, 4–5 (D.D.C.2001) for a comprehensive list of suits filed by Plaintiff

that have been dismissed or resolved in the defendants' favor.

**3.** The allegedly infringing works include: *Mission Impossible, The Saint, Mission Impossible 2, Eraser, The Net, Enemy of the State, Bad Company, Jerry Maguire, Eyes Wide Shut, How Stella Got Her Groove Back, Titanic, Red Corner, Amistad, Prince of Egypt, Hercules, A Perfect Murder, U.S. Marshal, Most Wanted, Tyson* (television movie), *Wag the Dog, Only in America, Through Heaven's Eyes* (song), *How Do I Live* (song), *Hannibal, Forrest Gump, Austin Powers I, II, & III* and *Why Do Fools Fall in Love.* Paper no.5, ¶ 4.

miss the amended complaint with prejudice. On September 6, 2002, Defendant filed a motion to enjoin Plaintiff from filing additional motions and papers with the court absent the court's prior approval. The court will now address these pending motions.

## II. Analysis

### A. Plaintiff's Motion for Recusal

■ Plaintiff filed a motion for the court to be recused from this case pursuant to 28 U.S.C. § 455(a) and (b). Section 455(a) provides that a judge or justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The critical question presented by this sub-section " 'is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.' " *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir.1998), *cert. denied*, 526 U.S. 1137, 119 S.Ct. 1793, 143 L.Ed.2d 1020 (1999) (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir.1995); *Aiken County v. BSP Division of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir.1989)). The Fourth Circuit has thus adopted an objective standard which asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses "all the facts and circumstances." *Id.* (citation omitted). *See also Sao Paulo State of the Federative Republic of Brazil v. American Tobacco Co., Inc., et al.*, 535 U.S. 229, 122 S.Ct. 1290, 1292, 152 L.Ed.2d 346 (2002) (per curiam) (reaffirming the holding in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) that § 455(a) "requires judicial recusal 'if a reasonable person, *knowing all the circumstances*, would expect that the judge would have actual knowledge' of his

interest or bias in the case"). Section 455(b) sets forth five particular circumstances that also require recusal.

■ Plaintiff's motion appears to allege three bases for recusal: (1) that the court transferred one or more actions brought by Defendant to the United States District Court for the District of Columbia, where they were assigned to Judge Paul Friedman, (2) that the Judiciary Committee of the United States House of Representatives is reviewing cases which were before this court; and (3) that the Circuit Court for Prince George's County, of which the sitting judge's husband was a judge, was "unfair to the plaintiff and his aunt Linda J. Smith." Pursuant to the standard adopted by the Fourth Circuit with respect to Section 455(a), the court must assess whether a reasonable observer, cognizant of all relevant information, might reasonably question the court's impartiality in this matter. The court finds that a reasonable, well-informed observer could not reasonably question the court's impartiality in this matter based on the allegations made by Plaintiff. First, the fact that this court transferred cases filed by Plaintiff to the District of Columbia has no bearing whatsoever on impartiality. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Second, the fact that the House of Representatives is reviewing cases which were before this court, even if true, is wholly irrelevant to an impartiality determination in this case.

Finally, the allegation that the Circuit Court has been "unfair" to Plaintiff and his aunt, and that such unfairness is somehow imputed to this court because of a spousal relationship with a former judge on the Circuit Court is highly unreasonable. No reasonable observer would question the court's impartiality on this basis,

especially since there has been no allegation that the spouse ever dealt with Plaintiff or his aunt, let alone treated them unfairly. Further, the provisions of Section 455(b) dealing with spouses, sub-sections 4 and 5, are irrelevant to the instant case. Section 255(b)(4) pertains to a spouse's financial interest in the subject matter, or any other interest that could be substantially affected by the outcome of the proceeding. Section 255(b)(5)(iii) simply restates the second half of sub-section (b)(4). The circumstances delineated in these sub-sections clearly do not exist in the instant suit. Accordingly, Plaintiff's motion for recusal is denied.

### B. Defendant's Motion to Strike the "First" Amended Complaint

■ Defendant filed a motion to strike what Plaintiff labeled as his "First Amended Complaint," which was filed on October 22, 2002. In its motion, Defendant notes that Plaintiff already filed a first amended complaint in this case in the Circuit Court for Prince George's County, prior to removal to this court on June 4, 2002. Defendant argues that the filing of the October 22 amended complaint in this court therefore violates Local Rule 103(6)(a) and Fed.R.Civ.P. 15(a) because it was made without leave of court and after Plaintiff had already amended once as of right.[4] Plaintiff appears to argue that he does not need leave of court to file a second amended complaint in this court because the first amended complaint was filed in state, not federal, court.

This argument is without support in the law. In fact, this argument was advanced and rejected in nearly identical circumstances in *Armstrong v. Unc–Lear Siegler, Inc.*, Civ.No. 98–736, 1999 WL 123512 (N.D.N.Y. March 1, 1999). In that case, a *pro se* plaintiff filed a complaint in state court and subsequently amended that complaint in state court. After the action was removed to federal court, the plaintiff attempted to file a second amended complaint, arguing that it was a matter of right under Fed.R.Civ.P. 15(a). The court in that case rejected the plaintiff's argument, noting that " '[f]ollowing removal, federal courts recognize all prior pleadings, orders and other proceedings in the state court action and presume them valid' ... Thus, the Second Amended Complaint could only be filed after plaintiff first sought leave of court." *Id.* at *3 (quoting the magistrate judge's order). The court agrees with that reasoning. Allowing Plaintiff to amend his complaint again without leave of court would require this court not to recognize the original state court complaint as valid, which the court is unwilling to do. Accordingly, the court will grant Defendant's motion to strike Plaintiff's second amended complaint, which is labeled "first amended complaint."

### C. Defendant's Motion to Dismiss or in the Alternative for Summary Judgment

Defendant argues in its motion to dismiss that the claims in the amended complaint are substantially the same as claims that have already been litigated and adjudged and are, therefore, barred as *res judicata*.[5] Defendant also asserts that Plaintiff fails to state a claim upon which

---

4. Fed.R.Civ.P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party ...."

5. The Fourth Circuit has previously upheld the assertion of *res judicata* in a motion to dismiss. *See Andrews v. Daw*, 201 F.3d 521, 524, n. 1 (4th Cir.2000) (citing *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir.1967)). The *Andrews* court stated that "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial

relief can be granted to the extent that Plaintiff seeks to hold Defendant liable for works not produced by Defendant or its affiliates. Defendant argues that Plaintiff's contentions regarding such works should be dismissed under Fed.R.Civ.P. 12(b)(6), or alternatively that Defendant should be granted summary judgment with respect to those works.[6] Each argument will be addressed in turn.

### 1. Standard of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47, 78 S.Ct. 99; *Comet Enters. Ltd. v. Air-A-Plane Corp.*, 128 F.3d 855, 860 (4th Cir.1997). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

In reviewing the complaint, the court accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969). The court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979).

### 2. Res Judicata

■ The Supreme Court has ruled that under the doctrine of *res judicata,* or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (citing *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac,* 94 U.S. 351, 352–53, 4 Otto 351, 24 L.Ed. 195 (1876)). The doctrine "rests upon consid-

---

proceeding when the res judicata defense raises no disputed issue of fact." *Id.* (citations omitted). Plaintiff here does not appear to dispute the factual accuracy of the record of his previous suits.

**6.** Defendant also argues that Plaintiff's claims with respect to many of the allegedly infringing works are time-barred because the complaint was filed after the statute of limitations had run. The applicable statute of limita-

tions, 17 U.S.C. § 507(b), bars civil copyright actions brought more than three years after the claim accrues. *See Hotaling v. Church of Jesus Christ of Latter–Day Saints,* 118 F.3d 199, 202 (4th Cir.1997). While there appears to be some merit to the statute of limitations argument, the court need not address it because the claims concerning each of the allegedly time-barred works will be disposed of on other grounds.

erations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." *Sunnen*, 333 U.S. at 597, 68 S.Ct. 715. Toward those ends, *res judicata* bars re-trying not only matters actually adjudicated in the prior case, but also claims that *might* have been brought in the prior case. *See id.; Varat Enterprises, Inc. v. Nelson, Mullins, Riley & Scarborough*, 81 F.3d 1310, 1316 (4th Cir.1996). The Fourth Circuit has outlined the following requirements for the invocation of *res judicata:*

> ... 1) the parties must be the same or in privity with the original parties; 2) the claims in the subsequent litigation must be substantially the same as those in the prior litigation; and 3) the earlier litigation must have resulted in a final judgment on the merits.

*Shoup v. Bell & Howell Company*, 872 F.2d 1178, 1179 (4th Cir.1989). Defendant asserts that all three requirements have been met.

a. *Parties the Same or in Privity*

█ Viacom is the named Defendant in the instant case. Previous cases on the same matters have been brought by Plaintiff against Paramount Pictures Corporation ("Paramount"), which is a wholly-owned subsidiary of Defendant. *See, e.g., Whitehead v. Paramount Pictures Corp.*, Civ. No.96–2436(PLF)(D.D.C.). This judicial district recently ruled in *Buckley v. Airshield Corp., et al.*, 977 F.Supp. 375, 379 (D.Md.1997), that a parent company and its wholly-owned subsidiary were in privity for the purpose of *res judicata*. Similarly, another district court in the Fourth Circuit found that a subsidiary was in privity with its parent company and that *res judicata* therefore applied. *See International Telephone and Telegraph Corp. v. General Telephone & Electronics Corp., et al.*, 380 F.Supp. 976, 985 (M.D.N.C.1974). The court in *ITT* noted the following rule for assessing privity:

If a non-party who thus participates in litigation has an interest sufficiently close to the matter in litigation, and has adequate opportunity to litigate in support of or in defense against the cause of action on which the suit is based, the policies underlying the doctrine of judicial finality require that the participating non-party should be bound by the resulting judgment to the same extent as though he were a party to the action. *And if his opponent had knowledge of the non-party's participation, the same policies require that the opponent should be bound by a judgment favorable to the non-party's interest, in other litigation between the opponent and the participating non-party.*

*Id.* at 980 (emphasis added).

In the case at bar, Defendant clearly had an interest in the subject matter of the earlier litigation since Defendant owns Paramount, which was the defendant in the earlier suits. Had the court in an earlier suit against Paramount ruled in favor of Plaintiff, Viacom would undoubtedly have been affected. Further, it is clear that Plaintiff is well aware of Viacom's interest and participation in the earlier suits. For these reasons, the court finds that Viacom and Paramount are parties in privity for the purpose of *res judicata*.

b. *Claims Substantially the Same*

█ Plaintiff does not appear to dispute the contention that the claims in the instant suit are substantially the same as those in prior suits. The Fourth Circuit has held that an action is substantially the same as a prior action when it seeks the same relief and implicates the same set of material facts. *See Adkins v. Allstate Insurance Co.*, 729 F.2d 974, 976 (4th Cir. 1984). The court has further held that "two suits constitute the same cause of

action if they rely on the same facts, even though the legal theories on which recovery is based or the remedies sought are different." *Kutzik v. Young*, 730 F.2d 149, 152 (4th Cir.1984) (citing *Mettee v. Boone*, 251 Md. 332, 341, 247 A.2d 390, 394–95 (1968)). In the instant case, the material facts pertain to Plaintiff's copyrighted book, *Brains, Sex & Racism in the CIA and The Escape*, and the alleged infringement of Plaintiff's copyright by Defendant. These are the same material facts as those in previous suits brought by Plaintiff. *See, e.g., Whitehead v. Paramount Pictures Corp.*, 53 F.Supp.2d at 40–42. The claims in the instant case are therefore substantially the same as those in prior suits.

### c. *Final Judgment on the Merits*

■ Defendant asserts that final judgment on the merits has already been reached on most of the claims brought by Plaintiff against Defendant in the instant action. Defendant has presented evidence that final judgment has been entered against Plaintiff's copyright infringement claims in several cases brought by Plaintiff over the past few years.[7] First, the United States District Court for the District of Columbia granted Defendants' motion for summary judgment[8] on Plaintiff's plagiarism and copyright infringement claims filed in *Whitehead v. Columbia Pictures*, Civ. No. 98–2938(PLF)(D.D.C.) with respect to the following works: *A Perfect Murder, How Stella Got Her Groove Back, Jerry Maguire, Most Wanted, Prince of Egypt, The Saint, Titanic, U.S. Marshal, Why Do Fools Fall in Love, How Do I Live*, and *Tyson*. The court in that case ordered Plaintiff to pay the defendants (including Paramount, Viacom's subsidiary) reasonable attorney's fees and costs "[i]n light of plaintiff's ... decision to press forward with this and six other frivolous copyright actions ...." Paper no. 26, ex.4.[9]

Second, in *Whitehead v. Paramount Pictures*, Civ. No. 96–2436(PLF)(D.D.C.), summary judgment was entered against Plaintiff with respect to his claims of plagiarism and copyright infringement regarding the movies *Mission Impossible* and *Bad Company*. *See Whitehead v. Paramount Pictures*, 53 F.Supp.2d 38 (D.D.C.1999).[10] Defendant notes that be-

---

**7.** Plaintiff appears to argue that *res judicata* does not apply here because the United States District Court for the District of Columbia, he argues, lacked jurisdiction over the earlier cases which entered final judgments against him. He bases his argument on the July 9, 1996 opinion by Judge Robinson dismissing the copyright infringement claims in *Whitehead v. Paramount Pictures Corp.*, Civ.No.96–1616 (D.D.C.) for lack of jurisdiction. Plaintiff appears to believe that the dismissal for lack of jurisdiction in that case (which had no parties in the District of Columbia and no allegation that the copyright claim arose in the District of Columbia) somehow affected the validity of the judgments in other suits where the court did have jurisdiction. This argument is clearly erroneous.

**8.** The Fourth Circuit has held that "[f]or purposes of *res judicata,* summary judgment has always been considered a final disposition on the merits." *Adkins*, 729 F.2d at 976, n. 3.

**9.** Defendant asserts that in addition to the works stated above, the song *Through Heaven's Eyes* from the soundtrack to the movie *Prince of Egypt should* have been brought with the *Columbia Pictures* case and is therefore barred by *res judicata*. The court agrees. The Supreme Court has held that the doctrine of *res judicata* applies "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Sunnen*, 333 U.S. at 597, 68 S.Ct. 715 (citation omitted).

**10.** While this case did not specifically name the film *Mission Impossible 2*, this sequel is encompassed in Judge Friedman's ruling that the characters and overall feel and concept of the original movie are "entirely different" from Plaintiff's book. *See Whitehead v. Paramount Pictures*, 53 F.Supp.2d at 52. Nothing

cause the movie *Forrest Gump* was released by Paramount in July, 1994, Plaintiff's claim regarding that film *should* have been brought with the *Paramount Pictures* action and, therefore, is also barred by *res judicata.* The court agrees, for the same reason discussed with respect to the song *Through Heaven's Eyes* in footnote nine.

Third, summary judgment was entered against Plaintiff in *Whitehead v. Dreamworks,* Civ.No. 98–1917(PLF)(D.D.C.) with respect to the movie *Amistad. See* Paper no. 26., ex. 12. One of the named defendants in that suit was Black Entertainment Television, Inc. ("BET"), which is a division of (and is therefore in privity with) Viacom. Fourth, summary judgment was entered against Plaintiff in *Whitehead v. Metro Goldwyn Mayer Studio,* Civ.No. 98–0256(PLF) (D.D.C.) with respect to the movie *Red Corner. See* Paper no. 26, ex. 15. As in the previous case, Plaintiff had named BET as a defendant. Fifth, summary judgment was entered in *Whitehead v. New Line Cinema,* Civ.No. 98–1231(PLF) (D.D.C.) with respect to the movie *Wag the Dog. See* Paper no. 26, ex. 18. In all of these cases, the United States Court of Appeals for the District of Columbia Circuit denied Plaintiff's appeals, motions for reconsideration, and petitions for rehearing en banc.

In light of the analysis above, the court finds that the requirements for *res judicata* have been met with respect to the following allegedly infringing works: *A Perfect Murder, How Stella Got Her Groove Back, Jerry Maguire, Most Wanted, Prince of Egypt, The Saint, Titanic, U.S. Marshal, Why Do Fools Fall in Love, How Do I Live, Tyson, Mission Impossible, Mission Impossible 2, Bad Company, Forrest Gump, Through Heaven's Eyes,*

*Amistad, Red Corner,* and *Wag the Dog.* Accordingly, Plaintiff is barred from bringing claims against Defendant with respect to these works, and Defendant's motion to dismiss will be granted with respect to these works.

3. Failure to State a Claim/Summary Judgment

Defendant asserts that Plaintiff fails to state a claim upon which relief can be granted with respect to *Austin Powers I, II & III, Enemy of the State, Eraser, Eyes Wide Shut, Hannibal, Hercules, Only in America, The Net, Bad Company, Jerry Maguire, How Stella Got Her Groove Back, Red Corner, Amistad, Prince of Egypt, A Perfect Murder, U.S. Marshal, Most Wanted, Tyson, Wag the Dog, Through Heaven's Eyes, How Do I Live, Forrest Gump, Why Do Fools Fall in Love* because Viacom did not create, produce, release, or participate in any other way in these works. Defendant, however, also offers evidence that it did not have any involvement in these works and requests that the court treat the motion with respect to these works as a motion for summary judgment. Under Fed.R.Civ.P. 12(b):

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Plaintiff was provided reasonable opportunity to present "all material made perti-

---

has been offered to demonstrate that the sequel differed in any significant way from the

original for these purposes.

nent to such a motion by Rule 56" in his opposition motion. Therefore, the court will treat this portion of Defendant's motion as a motion for summary judgment.

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir.1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. Thus, on those issues on which the nonmoving party will have the burden of

proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

In *Celotex Corp.*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.*, 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd*, 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

In the instant case, Defendant provided evidence that it was not involved in the creation, production, or release of the works listed in this sub-section. *See* Paper 26, ex. 21 (Decl. of Linda Ginsberg, Esq. ¶ 3), ex. 22–31. The burden is on Plaintiff to provide an affidavit or other similar evidence to confront Defendant's summary

judgment motion and the evidence offered in support of it. Plaintiff here has failed to meet the burden of offering evidence indicating that the Defendant was indeed involved with the works delineated in this sub-section. Therefore, the court must grant Defendant's motion for summary judgment with respect to the following works: *Austin Powers I, II & III, Enemy of the State, Eraser, Eyes Wide Shut, Hannibal, Hercules, Only in America, The Net, Bad Company, Jerry Maguire, How Stella Got Her Groove Back, Red Corner, Amistad, Prince of Egypt, A Perfect Murder, U.S. Marshal, Most Wanted, Tyson, Wag the Dog, Through Heaven's Eyes, How Do I Live, Forrest Gump, Why Do Fools Fall in Love.*

### 3. Plaintiff's Other Claims

Plaintiff's claims against Defendant for breach of implied contract, bad faith dealings, misappropriation of intellectual ideas, fraud, breach of fiduciary duty, privacy rights violation, and conspiracy have already been litigated and adjudged in earlier cases. *See Whitehead v. Time Warner, Inc., et al.,* Civ.No. 98–0257(PLF), 2000 WL 33542703, at *3 (D.D.C. June 14, 2000); *Whitehead v. New Line Cinema, et al.,* Civ.No. 98–1231(PLF), 2000 WL 33351821, at *2–3 (D.D.C. June 14, 2000); *Whitehead v. Metro Goldwyn Mayer Studio, et. al.,* Civ.No. 98–0256(PLF), 2000 WL 33542704, at *3 (D.D.C. June 14, 2000); *Whitehead v. Dreamworks, LLC, et al.,* Civ.No. 98–1917(PLF), 2001 WL 1218903, at *4 (D.D.C. June 14, 2001) [11]; *Whitehead v. Columbia Pictures, et al.,* Civ.No. 98–2938(PLF), 2001 WL 1218908 (D.D.C. June 14, 2001). Accordingly, for the reasons discussed above with respect to the copyright infringement claims, these claims are barred by *res judicata.*

Moreover, the above claims, as well as the claims for unjust enrichment, breach of special duty, fraudulent concealment by a fiduciary, breach of constructive trust, RICO, retaliation, and violation of White House conflicts of interest law, appear to be premised upon Defendant's alleged infringement of Plaintiff's copyright. Because Plaintiff has failed to establish copyright infringement, however, these derivative claims must be dismissed for failure to state a claim upon which relief can be granted.[12] For all of these reasons, Defendant's motion to dismiss Plaintiff's amended complaint will be granted.[13]

---

**11.** Note that the Westlaw citation for this case is incorrect, and that the correct year should be 2000.

**12.** Note that the fraud, RICO, conspiracy, and White House conflicts of interest claims would be dismissed independent of the copyright infringement claim because they do not in any way implicate Defendant Viacom or its affiliates. Further, Plaintiff has failed to comply with the pleading requirement in Fed. R.Civ.P. 9(b) to state the circumstances constituting fraud "with particularity."

**13.** Plaintiff's amended complaint is dismissed in its entirety. Although Plaintiff included "Unnamed Does 1–50 or more" as defendants, a complaint may not stand against only unnamed, unserved defendants. *See, e.g., Western Capital Design, LLC v. New York Mercantile Exchange, et al.,* 180 F.Supp.2d 438, 443 (S.D.N.Y.2001). "When only unserved defendants remain in a case, a court may enter final judgment 'since there is no basis ... for holding the dismissals subject to revision.'" *Id.* (citation omitted). *See also Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 39, n. 1 (3d Cir.1988) (holding that fictitious defendants who have never been identified or served with a copy of the complaint are not parties within the meaning of Fed.R.Civ.P. 54(b)).

While Plaintiff merely included "Unnamed Does 1–50" on his amended complaint, his second amended complaint did identify numerous specific defendants. That proves irrelevant, however, because the court granted Defendant Viacom's motion to strike the second amended complaint. *See* Section II, B. For these reasons, the amended complaint is

**D. Defendant's Motion to Enjoin Plaintiff from Further Filings**

 Defendant filed a motion on September 6, 2002 to enjoin Plaintiff from filing additional motions and papers with this court without the court's prior approval. "A federal court has the power to issue prefiling injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty." *Tucker v. Seiber,* 17 F.3d 1434 (table) 1994 WL 66037 *1 (4th Cir.1994) (citing *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir.1986); *Graham v. Riddle,* 554 F.2d 133, 135 (4th Cir.1977)). The injunction must not, however, effectively deny access to the courts, and the district court must give the litigant notice and the opportunity to be heard prior to granting the injunction. *Id.* (citations omitted). The factors to be considered in evaluating a prefiling injunction are: (1) the litigant's history of vexatious litigation; (2) whether the litigant has an objective good faith belief in the merit of the action; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense or unnecessary burdens on the opposing party and/or the court; and (5) the adequacy of other sanctions. *Id.* (citing *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986), *cert. denied,* 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987)). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir,* 792 F.2d at 24.

 Applying the above rules, the court finds that a prefiling injunction is appropriate in this case. Initially, it is clear that Plaintiff's access to the courts will not be denied by the injunction—he can file lawsuits with leave of the court and an accompanying affidavit. Courts have held this to be a permissible condition of a plaintiff's right to access. *See Procup,* 792 F.2d at 1072–73; *Robinson v. Marion,* 879 F.2d 863 (table) 1989 WL 79740 *1 (4th Cir.1989). Second, Plaintiff has been given notice and an opportunity to be heard concerning the proposed injunction and has not provided any reason not to grant it. Instead, Plaintiff's response was to ramble on once again about unrelated matters.

Furthermore, an analysis under the *Safir* factors suggests that the requested injunctive relief is appropriate. Plaintiff is clearly a vexatious litigant. He has filed nine lawsuits in this court during the past five years, as well as 23 lawsuits in the U.S. District Court for the District of Columbia (some of which had been transferred from this court). Every one of Plaintiff's suits filed in the U.S. District Court for the District of Columbia has been dismissed or resolved in favor of the defendants, and that court has barred Plaintiff from filing further suits in that jurisdiction without leave of court. *See Whitehead v. Paramount Pictures Corp.,* 145 F.Supp.2d at 5. Yet, Plaintiff continues to initiate new lawsuits that appear to be as frivolous and without merit as earlier ones and that simply rehash claims that have already been disposed of on their merits. In the instant suit alone, Plaintiff has filed over a dozen motions, the bulk of which are non-substantive and nonsensical. Plaintiff has recently begun filing motions that are completely irrelevant to the pending litigation.[14] Plaintiff's proven blatant

---

dismissed not just as against Defendant Viacom, but in its entirety.

**14.** For example, a motion filed by Plaintiff on August 16, 2002 requests that the court "incorporate the Government of the District of Columbia under the jurisdiction and control of the State of Maryland due to massive fraud, conspiracy, corruption and Rico." Paper no. 52.

disregard for this court and the judicial system as a whole suggests that there is no end in sight to Plaintiff's frivolous and vexatious filings.

Furthermore, the nature and content of Plaintiff's motions suggest that he cannot possibly have a "good faith belief in the merit of the action." Plaintiff has had ample time to secure counsel, but has not done so. His numerous lawsuits and appeals have caused needless expense and unnecessary burdens on both the court and Defendant. As Judge Friedman aptly stated, "Mr. Whitehead has no regard for our judicial system or the drain on its resources caused by his actions." *Id.* Finally, it is evident to the court that the imposition of other possible sanctions on Plaintiff would be inadequate. Both the U.S. District Court for the District of Columbia and the D.C. Circuit Court of Appeals have found it necessary to impose sanctions on Plaintiff and/or award attorney's fees to defendants' counsel. Yet, he has proven that neither adverse decisions, nor monetary sanctions, nor the award of attorney's fees will deter him from filing his meritless suits. Therefore, an injunction appears likely to be the only means adequate to put a stop to Plaintiff's egregious abuses of the judicial system. Accordingly, Defendant's motion for an injunction enjoining Plaintiff from filing further papers without court approval is granted.

**E. Other Pending Motions**

There are numerous other motions filed by both parties pending in this case. Because the court will grant Defendant's motion to dismiss the amended complaint, or in the alternative for summary judgment, the remaining motions are moot and need not be addressed.

**III. Conclusion**

For the foregoing reasons, the court will deny Plaintiff's motion for recusal. Defen-

dant's motion to strike the "first" amended complaint, Defendant's motion to dismiss the amended complaint, or in the alternative for summary judgment, and Defendant's motion to enjoin Plaintiff from filing further papers without court approval are granted. All other motions are denied as moot. A separate order will be entered.